IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAULA JEAN BROWN,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>COMMISSIONER OF SOCIAL SECURITY,  )<br>)<br>)<br>Defendant.  ) | Civil Action No. 24-637 |

O R D E R

AND NOW, this 2nd day of May, 2025, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. §§ 1381 *et seq.,* finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]  Plaintiff raises two arguments challenging the decision of the Administrative Law Judge ("ALJ"). First, she contends that the ALJ failed to properly evaluate the opinion of Dr. James Goodyear, M.D., regarding her manipulative impairments. Second, she asserts that the ALJ impermissibly relied on his own lay interpretation of the medical data in crafting her residual functional capacity ("RFC"). (Doc. No. 8). Upon consideration, the Court disagrees with Plaintiff and finds the ALJ's decision is supported by substantial evidence.

Plaintiff alleged disability based on many alleged impairments, including fingertip amputation on both hands. (R. 757). Plaintiff contends that the ALJ failed to properly evaluate opinion evidence concerning her manipulative limitations, specifically the opinion of Dr. Goodyear. (Doc. No. 8 at 8-13). Dr. Goodyear opined, in relevant part, that Plaintiff would be limited to occasionally handling, fingering, and feeling bilaterally. (R. 719). The state agency medical consultant, Dr. Paul Fox, M.D., agreed with this limitation and noted that Plaintiff's ability in this area was "limited by fingertip amputations and finger pain." (R. 129). The ALJ analyzed this opinion and found it not to be persuasive for the following reasons:

> First, it is inconsistent with the evidence, finding limitations that the evidence as a whole does not demonstrate. For example, the evidence does not show occasional manipulative limitations given Ms. Brown's self-described capabilities and generally full dexterity on examination. The opinion is also poorly supported, with nothing beyond either a complaint or diagnosis to explain a given finding.

(R. 761). Based on this analysis, as well as other evidence of record, the ALJ concluded that Plaintiff had an RFC that included a limitation to "frequently feel or handle[,]" which is less limited than Dr. Goodyear's opined limitation. (R. 759); SSR 83-10, 1983 WL 31251, at *5-6 (Jan. 1, 1983) (noting "occasionally" means occurring from very little to up to one-third of the time and stating "frequent" means occurring from one-third to two-thirds of the time).

Plaintiff contends that the ALJ's consistency and supportability analyses as to Dr. Goodyear's opinion were insufficient because "the ALJ failed to explain his reasoning, seemingly hoping that earlier summaries were sufficient to bridge the gap to his conclusions." (Doc. No. 8 at 10). Plaintiff asserts that the ALJ's statement that Dr. Goodyear's opinion was inconsistent with the evidence as a whole is an insufficient consistency analysis because the ALJ cited no evidence in support of this statement, which

2

precludes meaningful judicial review.  (*Id.* at 12).  Additionally, Plaintiff contends that the supportability analysis rested on a mischaracterization of the evidence as Dr. Goodyear's examination and review of her medical history supported his opinion.  (*Id.* at 11-12).  The Court disagrees and finds no error with the ALJ's analysis of Dr. Goodyear's opinion for the following reasons.

The Court notes that for cases, such as this one, filed on or after March 27, 2017, the regulations provide that "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability."  82 Fed. Reg. at 5853; *see also* 20 C.F.R. §§ 416.920c(b) and (c).  "[S]upportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record."  *Cook v. Comm'r of Soc. Sec.*, No. 6:20-CV-1197, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021).  Here, the ALJ properly analyzed the consistency and supportability of Dr. Goodyear's opinion and reached a reasonable conclusion that it was not persuasive.  (R. 761).  As shown above, the ALJ explained that this opinion was inconsistent with the evidence because it found limitations that the evidence as a whole did not demonstrate.  (*Id.*).  While Plaintiff contends this analysis was insufficient because the ALJ did not elaborate or cite any of the inconsistent evidence, the ALJ explained elsewhere in the opinion that the evidence showed that Plaintiff could complete many daily activities and had not received much treatment for her finger amputations over the last few years, among other things, and this explanation is sufficient to facilitate meaningful judicial review.  (R. 760); *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (holding that an ALJ's decision must be "read as a whole").  Further, the ALJ explained that this opinion was not well supported because Dr. Goodyear cited "nothing beyond either a complaint or diagnosis to explain a given finding."  (R. 761).  Indeed, Dr. Goodyear's opinion shows that he articulated only "B/L Hand Pain (Buerger's Dis)" to support his opinion that Plaintiff be limited to occasional handling, fingering, and feeling.  (R. 719).  While Plaintiff asserts that the Court should look outside the four corners of the opinion to find supporting evidence for Dr. Goodyear's findings, this argument ignores that the supportability analysis relates specifically to the source's own articulated findings for his or her opinion.  *See Cook*, 2021 WL 1565832, at *3.  Moreover, the Court cannot second guess the ALJ's findings simply because there is evidence within the record supporting a contrary conclusion.  *See Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009) (stating "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision.").  Accordingly, the Court declines Plaintiff's invitation to remand on this point.

Additionally, the Court finds no merit in Plaintiff's argument that the ALJ impermissibly relied on his own lay interpretation of the medical data in crafting her RFC.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 7) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 10) is GRANTED.

s/Mark R. Hornak
Chief United States District Judge

ecf:        Counsel of record

---

Plaintiff contends that the ALJ impermissibly rejected all opinion evidence pertaining to the relevant period and, therefore, crafted her RFC based on his own lay interpretation of the medical evidence, which he was not qualified to do. (Doc. No. 8 at 13-14). The United States Court of Appeals for the Third Circuit has made clear that "[a]lthough reliance on State consultants' reports and treating physicians' opinions is common and ALJs are required to consider any existing State consultant reports, . . . the regulations do not require ALJs to seek outside expert assistance." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 362 (3d Cir. 2011) (citations omitted); *see also Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006) (stating "[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC."). Indeed, "[s]urveying the medical evidence to craft an RFC is part of the ALJ's duties." *Id.* In this matter, the ALJ properly evaluated Plaintiff's medical evidence, opinion evidence, her allegations, and evidence of her daily activities in accordance with the regulations. (R. 759-62). For instance, the ALJ noted Plaintiff's fingertip amputation on both hands was a severe impairment, acknowledged Plaintiff's testimony as to her finger amputations, and recognized Plaintiff's difficulty healing after her amputations. (R. 757, 760-61). Despite this, Plaintiff reported that she could generally maintain her home, handle household tasks and chores, and regularly cared for her two young grandchildren. (R. 760). Plaintiff also admitted that she has not received much treatment for any of her conditions over the last few years. (*Id.*). Based on all of this evidence, the ALJ logically concluded that Plaintiff should be limited to "frequently feel or handle" in her RFC. (R. 759). Accordingly, the Court finds no merit in Plaintiff's argument on this point.

The ALJ's findings and conclusions are supported by substantial evidence. Accordingly, the decision of the Commissioner must be affirmed.